Howell, J.
The defendant, Mrs. Harvy, is sued as a married woman, separate in property, for the amount of a bill of certain house furnishing goods, with the vendor’s lien thereon, alleged to have been sold and delivered to her in November, 1866, by Lewis Elkin, since deceased. The defence is a general denial, with the allegation that if any one is indebted to plaintiff for said goods, it is Messrs. Banks, Loring & Co.
The District Judge came to the conclusion, that Banks, Loring & Co., were personally responsible to plaintiff for the payment of the account, but decreed that the goods sequestered in the possession of defendants be sold to satisfy plaintiff’s claim; from which judgment this appeal is taken.
Several bills of exception appear in the record, but the view we have taken of the case, renders it unnecessary to pass on them.
We concur in the opinion of the Judge a quo, that there is sufficient evidence properly admitted, to show that the contract of sale was really made between L. Elkin and Banks, Loring & Co., and that the credit was given to the latter, but we think he erred in giving a decree in rent. The vendor’s privilege can only be enforced in a proceeding against the vendee on the movables while in his possession, except in case of a special privilege granted by statute. C. C., 3194.
In this case Banks, Loring & Co., were the purchasers, and the goods were delivered by the vendor to the defendants for whom they were bought, hence they were not in the possession of the purchasers, but off *546 third p. r -us not shown to hold for said purchasers, and against tho latter, this suit is not brought, nor is it a suit in rem. We think the defendants, against whom judgment is asked, is shown not to be liable, and besides she is shown not to be separate in property.
It is therefore ordered, that the judgment appealed from be reversed, and that the petition and demand of plaintiff be dismissed, at the costs of plaintiff in both courts.